**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-2086**

In Re:  VAN ANTHONY ROSE,

  Petitioner.

On Petition for Writ of Mandamus.
(3:04-cr-00194-RJC-CH-1; 3:08-cv-00216-RJC)

Submitted:  December 7, 2010      Decided:  December 30, 2010

Before SHEDD and KEENAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Petition denied by unpublished per curiam opinion.

Van Anthony Rose, Petitioner Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Van Anthony Rose petitions for a writ of mandamus seeking an order compelling the district court to rule on his 28 U.S.C.A. § 2255 (West Supp. 2010) motion and to order the production of previously-requested grand jury transcripts. We conclude that Rose is not entitled to mandamus relief.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976); United States v. Moussaoui, 333 F.3d 509, 516-17 (4th Cir. 2003). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought. In re First Fed. Sav. & Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1988).

Our review of the district court's docket sheet reveals that the district court entered a final order and judgment on September 27, 2010, in which it denied relief on Rose's § 2255 motion. Accordingly, because the district court recently decided Rose's case, we deny Rose's mandamus petition in part as moot.

To the extent that Rose seeks an order compelling the production of grand jury transcripts, he fails to show that he has a clear and indisputable right to the relief sought. Rose fails to explain why he needs the transcripts in his mandamus petition, and provided no reason for his request in his motion

before the district court.  See In re Braxton, 258 F.3d 250, 261 (4th Cir. 2001) (stating that petitioner seeking mandamus must establish that he has a clear and indisputable right to the relief sought); In re Grand Jury Proceedings, 800 F.2d 1293, 1299 (4th Cir. 1986) (setting forth balancing test for petitioners seeking release of grand jury transcripts).  Because the relief sought by Rose is not available by way of mandamus, we deny this portion of his petition.

We grant leave to proceed in forma pauperis.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED